UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RENEE SCHULMAN,

                     Plaintiff,

      -against-

MYWEBGROCER, INC., d/b/a SHOPRITE
OF AVENUE I IN BROOKLYN, and
MCDONALD CENTER L.L.C.,

                     Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-7252 (ENV) (RML)

**VITALIANO, D.J.,**

Plaintiff Renee Schulman commenced this state-law negligence action in Supreme Court, Kings County, seeking damages for an injury suffered by her allegedly resulting from a trip and fall at a ShopRite supermarket in Brooklyn. Defendants MyWebGrocer, Inc., d/b/a ShopRite ("ShopRite") and its landlord, McDonald Center L.L.C. ("McDonald Center"), timely removed the action to this forum pursuant to 28 U.S.C. §§ 1332 and 1441. Schulman moves to remand and for costs, including attorney's fees. For the reasons that follow, Schulman's motion to remand is granted. Her motion for costs and attorney's fees is denied.

1

## Background

As averred in the complaint, on July 31, 2013, Schulman was shopping at a ShopRite located at 1080 McDonald Avenue when she tripped and fell to the ground, fracturing her arm. (Compl. ¶¶ 22-24). Schulman contends that her injury was caused by the negligence and carelessness of ShopRite, its employees and its landlord, McDonald Center. (Id. ¶¶ 24-25).

On September 4, 2014, Schulman filed her state court lawsuit, naming ShopRite, a Delaware corporation with its principal place of business in New Jersey, and McDonald Center, a New York corporation, as defendants. (Notice of Remand ¶ 1). Defendants answered the complaint in state court on November 14, 2014. (Id.). On November 25, 2014, defendants submitted to Schulman a proposed stipulation which would cap damages at $75,000. (Id. ¶ 6). Schulman declined the request. (Id.). Even if diversity existed, such a stipulation would have destroyed federal jurisdiction. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S. Ct. 586, 82 L.Ed. 845 (1938) .

On December 12, 2014, with damages unlimited, defendants filed a notice of removal, pursuant to 28 U.S.C. §§ 1332 and 1441, based upon the diversity of citizenship between Schulman and ShopRite. (Id. ¶ 4) Defendants contend that Schulman fraudulently joined McDonald Center, which they

further contend, is an absentee landlord with no potential liability, in an effort to defeat federal diversity jurisdiction. (Id.) Schulman thereafter filed this timely motion to remand to Supreme Court.

## Standard of Review

Federal jurisdiction is available only when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A case may be removed from state court to federal court only if it could have originally been commenced in federal court on either the basis of federal question or diversity jurisdiction. *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). In making this determination, courts are permitted to look to materials outside the pleadings, "includ[ing] documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010). If a federal court determines that it lacks subject matter jurisdiction over the removed case, the case must be remanded. 28 U.S.C. § 1447(c). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of remand. *See Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 382-83 (S.D.N.Y. 2006); *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 324-25 (E.D.N.Y. 1998). The burden of showing the proper exercise of jurisdiction by

the removal court rests with the party seeking removal. *See Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994).

## Discussion

### I. Fradulent Joinder

Federal courts only have diversity jurisdiction when there is complete diversity between the set of adverse parties—when all plaintiffs are citizens of different states from all defendants. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005). However, a plaintiff may not defeat complete diversity, and a defendant's right of removal, by merely joining a defendant "with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). To show that the joinder of a non-diverse defendant constitutes a "fraudulent joinder," the party defending removal must demonstrate, by clear and convincing evidence, that: (1) there has been "outright fraud" committed in the plaintiff's pleadings; or (2) "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* at 461. When justifying removal, the removing party "bears a heavy burden," and "all factual and legal issues must be resolved in favor of the plaintiff" who chose the state forum. *Id.*

4

Schulman contends that remand is appropriate because a viable state law cause of action exists against McDonald Center, defeating diversity jurisdiction under 28 § 1332. New York law provides, "[a]s a general rule, once possession has been transferred to a tenant, an out-of-possession landlord will not be held responsible for dangerous conditions existing upon leased premises . . ." *Davidson v. Wiggand*, 259 A.D.2d 799, 800, 686 N.Y.S.2d 181 (3d Dep't 1999). This rule is not without exception, however. For example, in "cases where the landlord retained control of the premises, specifically contracted to repair or maintain the property, by a course of conduct assumed responsibility to repair or maintain the property, or affirmatively created a dangerous condition that resulted in the injury," the landlord still can be subject to liability. *Id.* at 801 (internal citations omitted). On the other hand, "[a] landlord's limited right of re-entry does not give rise to liability, unless there exists a significant structural or design defect which violates a specific statutory provision." *Gavallas v. Health Ins. Plan of Greater New York*, 35 A.D.3d 657, 657, 829 N.Y.S.2d 131 (2d Dep't 2006).

Defendants contend that the commercial lease, which they have provided on this motion, (*See* Affidavit of Daniel Strecker ("Strecker Aff.") Ex. G), demonstrates that McDonald Center had no duty to enter, repair or make the premises safe. Nonetheless, as Schulman points out, several

5

provisions of that lease appear to require McDonald Center to do just that, at least in certain specific instances. (Compl. ¶ 22). Specifically, for instance, section 12(d) of the lease requires McDonald Center to defend and indemnify the tenant for injuries arising from defects and improvements in the "floor of the building or the Demised Premises or the Common Area which Landlord is obligated to repair and replace." (Strecker Aff. Ex. G at 30). The lease also requires McDonald Center to make repairs to certain utilities systems within the building. (*See Id.* at 28-29). Consequently, in theory, the landlord's failure to make the repairs it was obligated to make could result in liability to anyone injured by the failure to make that proper repair.

These lease obligations, therefore, are in harmony with the complaint. The complaint does generally plead that McDonald Center had the obligation to inspect and repair the premises occupied by ShopRite, though it does not identify which provision of the lease, or any other standard that might implicate McDonald Center's duties, or explain how McDonald Center breached such duties or the causal connection between the breach and Schulman's injuries. (Compl. ¶ 19). Nor, for these purposes, is she required to do so. When determining whether a defendant has been fraudulently joined, "courts apply the state pleading rules relevant to the particular pleading at issue . . . ." *MBIA Insurance Corp. v. Royal Bank of Canada,* No. 09 Civ. 5044,

2009 WL 6357936, at *9 (S.D.N.Y. Dec.30, 2009). It has been observed that "New York has liberal pleading rules, especially for a summons with notice, which require that a plaintiff need only provide 'at least basic information concerning the nature of a plaintiff's claim and the relief sought.'" *Id.* (internal citation omitted), *see also Campisi v. Swissport Cargo Servs., LP*, 09-CV-1507, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010) ("the complaint is subjected to less searching scrutiny than on a motion to dismiss for failure to state a claim"). New York's high court has reiterated that "[a] pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to our law, it cannot be dismissed." *Schlackman v. Robin S. Weingast & Assocs., Inc.*, 18 A.D.3d 729, 729, 795 N.Y.S.2d 707 (2005). Viewed through this all-capturing lens, it is not apparent, let alone by a showing that is clear and convincing, that "there is *no possibility*, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d 459 at 461 (emphasis added). Stated differently, "while defendants may ultimately prevail in state court, the Court cannot say that there is no possibility that [Schulman] will prevail." *Ruiz v. Forest City Enterprises, Inc.*, No. 09-CV-4699, 2010 WL 3322505, at *3 (E.D.N.Y. Aug. 20, 2010) (noting that the repair obligations of a landlord generally cannot be determined at the

pleading stage). Fraudulent joinder of McDonald Center, in short, for the purpose of defeating diversity jurisdiction, has not been established by defendants.

## II. Motion for Costs, Expenses and Fees

Schulman requests costs and actual expenses, including attorney's fees, in aid of her motion to remand, pursuant to 28 U.S.C. § 1447(c), which provides "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No 12-CV-5078, 2014 WL 123488, at *2 (E.D.N.Y. Jan. 10, 2014). A determination of whether an award of attorney's fees is warranted turns on whether or not a defendant had an "objectively reasonable basis" for the subject removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 141 (2005). Importantly, there is no automatic or presumptive right to such fees and costs. *Id.* at 136-37. Rather, on an order to remand, fee shifting should only occur in "unusual circumstances," to avoid discouraging defendants from exercising their "right to remove." *Id.* at 140-41.

There are no unusual circumstances present in this case. Though the Court has found that there is no basis for federal jurisdiction, defendants' arguments for removal were objectively reasonable, particularly given the

vagaries of the commercial lease and the brevity of the complaint. Schulman's motion for costs and actual expenses, including attorney's fees, is denied.

## Conclusion

For the above-stated reasons, plaintiff's motion to remand this case to Supreme Court is granted.

The Clerk of Court is directed to return all files to Kings County Supreme Court, and to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
May 18, 2015

s/Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge